NOAH C. ROGERS, EXECUTOR, ESTATE OF WILLIAM A. DELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25964. Promulgated September 26, 1929.

*Raymond M. White, Esq.*, for the petitioner.
*Lewis S. Pendleton, Esq.*, for the respondent.

OPINION.

LOVE: The sole question for our consideration in this proceeding is whether or not the decedent was a resident of the United States at the time of his death. The primary factor on such an issue is the decedent's intention.

The respondent's position, it appears from the record and his brief, is that he having made a determination that the decedent was a nonresident at the time of death, the burden is upon the petitioner herein to overcome the prima facie correctness of that determination. So far we can agree. But while the respondent stresses the absence of direct written or oral declarations of the petitioner's intention to retain his American residence, he also objects to the admission of such declarations in evidence, when they do appear, as in the will, on the ground that they are self-serving. We believe, however, that the decedent's actions, considered in the light of his circumstances and with regard to what we consider his natural interests, indicate his intentions and constitute the best evidence of which the issue is by its nature susceptible. Moreover, the declaration in the will constitutes, as of the date of same, very weighty evidence of his intention.

Before the death of the first Mrs. Dell she and the decedent had traveled extensively. Their home at Morristown had been disposed of. Upon her death he became possessed of large means. He had long been retired from business and was accustomed to travel. Golf was his hobby, but, like many others not so fortunately circumstanced, he found rheumatic attacks limited his enjoyment of the game. With his ample means we think it in no wise inconsistent with an intention to retain an American residence that he should roam the resorts and putting greens of first America and then Europe in search of comfort and golf. He did this, but, so far as the record reveals, he lost no American contacts thereby. His financial affairs were in the United States, his children and grandchildren were here, here were his old friends and counselors, and here he desired to be buried.

In 1920 he bought a small villa on the edge of a golf course at Cagnes, where he could step off his own property onto a putting green and where if his condition forbade play he could at least watch others do so. He married again and thereafter spent most of his winters at the villa. But before his second wife's health failed he brought her to New York, where he again lived at the Plaza. It was during this period that he executed his will and in it declared his residence as New York. His income-tax returns had long been filed on that basis.

In 1924 he again came to New York and lived for a time at the Plaza. After his return to France the health of his wife and her mother failed and he lived for a time with a son who was then in Paris. He died suddenly at Cagnes in March, 1925.

We are of the opinion that the decedent did not by any action recounted exhibit an intention to abandon his American residence and that it was his intention to retain the same. We find therefore that he was a resident of the United States at the time of his death March 8, 1925. See *Union Trust Co. of Cleveland, Ohio, Executor*, 5 B. T. A. 1272.

The petitioner's contention that the tax has been overpaid is dependent upon computation of the tax due in event he is successful in this proceeding. We have no evidence upon this point. It appears, however, that the matter should be adjusted upon redetermination.

*Judgment will be entered under Rule 50.*